Martin Mower, Appellant, against Granville M. Stickney, Sheriff of Washington County, Respondent.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

For Syllabus in this case see *ante page* 397.

*By the Court.*—Emmett, C. J.—The material facts in this case are identical with those of another action between the same parties heard and determined at this term. *Mower vs. Stickney, Shff &c., Ante. p.* 397; the two actions being brought at different times to recover separate instalments, as they became due, upon the same promissory note. The question, however, on which we reversed the judgment in the former action does not arise in this, the pleadings, and proceedings on the trial, being somewhat different. In this case the parties stipulated, upon the trial, that the execution, under which the Plaintiff as Sheriff levied upon the note sought to be collected, was regularly issued upon a valid judgment existing against the pledgor and owner of the note, but that at the date of the levy, the debt for which it was pledged had not been paid, and the interest of the pledgee still remained when the Sheriff took the pledge into his possession. It was also admitted that since the levy, the Defendant, the maker of the note, in November 1859, [which was prior to the com-

mencement of this action] paid to McCarthy the pledgee, the amount for which the note had been pledged.

The Plaintiff claimed that he had a right not only to levy upon the interest which the pledgor had in the note, but that at any rate he could maintain the action after the claim of the pledgee had been satisfied by the Defendant. On the other hand the Defendant insisted, that the right of the Plaintiff to sue at all depended upon the levy, and if that was unauthorized the subsequent payment or discharge of the pledgee's lien did not make the levy good—that the note at the time of the levy was the property of McCarthy the pledgee, and could not be taken in execution as the property of the pledgor, he having but a mere equitable interest in the pledge.

The Court charged the jury that under the facts as admitted the pledgor had such an interest in the note as might be levied upon—that the subsequent payment of the pledgee's claim by the Defendant, discharged his interest, and that the Plaintiff at the time of "the commencement of this suit had a right to bring this action."

The Defendant excepted, and the jury returned a verdict for the Plaintiff, for $390.92, upon which a judgment was entered.

If the Court intended by his charge to say that, by reason of the payment of the debt, for which the note was pledged, the Sheriff might thereafter sue, whether his levy was authorized or not, we think he erred, for his right to sue in his official capacity depends wholly upon the levy, and if that was void when made it vitiated everything. Nothing but a subsequent levy, under the circumstances of this case, would have cured such a defect if it existed, but that is neither alleged nor proved, or admitted. Yet an error in this particular would not prejudice the Defendant, if the Plaintiff had the right to make the levy in the first instance.

The question was considered and decided in the former case between these parties, above alluded to, and that decision must determine the question here. We there held in substance that the interest of the pledgor in property pledged might be levied upon, if the pledgee permitted the officer to

perfect his levy by taking the pledge into his possession. And that if the pledge so taken were 'a promissory note, the fact that the pledgee did not assert his right to retain the possession, until his claim or lien was discharged, afforded no defence to the maker, in an action brought by the officer to collect it.

The judgment is affirmed.